**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                              )
FRANK DAVID MORELLO,          )
                              )
            Plaintiff,        )
                              )
      v.                      )  Civil Action No. 14-82 (EGS)
                              )
DISTRICT OF COLUMBIA,         )
                              )
            Defendant.        )
_____)
```

### MEMORANDUM OPINION

Frank David Morello brings this action against the District of Columbia ("the District") under 42 U.S.C. § 1983, alleging a violation of rights protected under the United States Constitution, specifically, the equal protection and due process guarantees of the Fifth Amendment. Mr. Morello claims that his constitutionally protected rights were violated when he was denied the photographic identification described in the Law Enforcement Officers Safety Act of 2004, 18 U.S.C. § 926C ("LEOSA"). Pending before the Court is the defendant's motion to dismiss plaintiff's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Upon consideration of the motion, the response and reply thereto, the applicable law, and the entire record, the Court **GRANTS** defendant's motion.

**I.  Background**

Mr. Morello is a former police officer with the Metropolitan Police Department ("MPD"). *See* Compl., ECF No. 1 ¶ 1. Mr. Morello began his career with the MPD on February 20, 1990 and on December 21, 2001, after more than ten years of service as a police officer, submitted his resignation paperwork to pursue other career opportunities. *See id.* ¶¶ 10, 11.

On September 19, 2013, Mr. Morello, pursuant to LEOSA, submitted an application to the MPD for a photographic identification. *Id.* at ¶ 16. Under LEOSA, a "qualified retired law enforcement officer" who possesses "photographic identification issued by the agency from which the individual separated from service as a law enforcement officer" "*may* carry a concealed firearm that has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 926C. On November 15, 2013, Mr. Morello was informed, by Sergeant Colin Hall of the MPD Gun Control Unit, that his application for the photographic identification was rejected because his separation from the MPD was not "in good standing." *See* Compl., ECF No. 1 ¶ 19. Mr. Morello was also informed that, should he have any questions about the MPD's decision, he can contact Sergeant Hall directly. *Id.* at Ex. F.

On January 21, 2014, Mr. Morello filed this lawsuit against the District. Compl., ECF No. 1. He alleged violations of his Fifth Amendment rights. *Id.* On April 7, 2014, the District moved to dismiss Mr. Morello's claims. *See* Mot., ECF No. 6.

2

Mr. Morello filed his opposition brief on May 8, 2014. *See* Opp., ECF No. 8. The District filed its reply on May 19, 2014. *See* Reply, ECF No. 9. The District's motion to dismiss is now ripe for determination by the Court.

**II. Standard of Review**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted). While detailed factual allegations are not necessary, plaintiff must plead enough facts to "raise a right to relief above the speculative level." *Id.*

When ruling on a Rule 12(b)(6) motion, the Court may consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002). The Court must construe the complaint liberally in plaintiff's favor and grant plaintiff the benefit of all reasonable inferences deriving from the complaint. *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). However, the Court must not accept plaintiff's inferences that are "unsupported by

3

the facts set out in the complaint." *Id.* "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Most important for this case, the Supreme Court instructs that a pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

**III. Analysis**

"[A] municipality can be found liable under [Section] 1983 only where the municipality *itself* causes the constitutional violation at issue." *City of Canton, Ohio v. Harris,* 489 U.S. 378, 385 (1989) (citing *Monell v. Dep't of Soc. Servs. of the City of New York,* 436 U.S. 658, 694 (1978) (emphasis in original)). The District, as a municipality, *see* D.C.Code § 1-102, is subject to liability under § 1983 only "when an official policy or custom causes the [plaintiff] to suffer a deprivation of [a] constitutional right," *Carter v. District of Columbia,* 795 F.2d 116, 122 (D.C. Cir. 1986), and that policy or custom must itself be the moving force behind the alleged constitutional violation. *Id.* (citing *Monell,* 436 U.S. at 694); *see also Pembaur v. City of Cincinnati,* 475 U.S. 469, 483 (1986) ("[M]unicipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made

4

from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question."); *Oklahoma City v. Tuttle,* 471 U.S. 808, 817 (1985) (requiring a plaintiff to show a course deliberately pursued by the city establishing an affirmative link between the city's policy and the alleged constitutional violation).

In *Baker v. District of Columbia,* 326 F.3d 1302 (D.C. Cir. 2003), the Court of Appeals explained that a district court assessing a § 1983 complaint must ask two questions. First, the Court asks whether the complaint states a claim for a predicate constitutional violation. To satisfy that prong of the analysis, all that need be established is some constitutional harm suffered by the plaintiff; it is not necessary that the municipality's policy makers be implicated. *Id.* at 1306. In this case, it is unclear whether the MPD's rejection of Mr. Morello's application for a photographic identification could be deemed to be a constitutional violation. But even assuming, without deciding, that the MPD's rejection of Mr. Morello's application violated his constitutional rights in some way, Mr. Morello has failed to allege sufficient facts to establish the critical second prong of the municipal liability analysis — causation.

The second question to be answered when assessing the sufficiency of a § 1983 claim is: does the complaint state a "claim that a custom or policy of the municipality caused the

violation"? *Id.* The law is clear that the Court must determine whether a plaintiff has alleged this "affirmative link" between the policy and the injury; the municipal policy must be alleged to be the "moving force" behind the violation. *Id.*

There is no heightened pleading standard in a case alleging municipal liability for a civil rights violation. *See Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 164 (1993). "Nevertheless, [a] [c]omplaint must 'include some factual basis for the allegation of a municipal policy or custom.'" *Hinson ex rel. N.H. v. Merritt Educ. Ctr.,* 521 F. Supp. 2d 22, 29 (D.D.C. 2007) (quoting *Atchinson v. District of Columbia,* 73 F.3d 418, 422 (D.C. Cir. 1996)); *Hodges v. Government of District of Columbia*, 975 F. Supp. 2d 33, 54 (D.D.C. 2013) (finding that sufficiency of plaintiff's allegations of liability under *Monell* "must be assessed under the standard set by the Supreme Court in *Twombly* and *Iqbal* ").

Regardless of the circumstances under which Mr. Morello's application was rejected by the MPD, the complaint sets forth no factual allegations regarding the existence and enforcement of a municipal policy, custom or practice that *directly caused* a violation of his Fifth Amendment rights to equal protection and due process.[1] This pleading defect is fatal.[2]

---

[1] Mr. Morello, in his complaint, alleges that "[MPD] has established procedures for establishing eligibility and the issuance of photographic identification for all qualified former Metropolitan Police Officers in furtherance of [LEOSA]." Compl.,

**IV. Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** the District's motion to dismiss. An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

**Signed:** **Emmet G. Sullivan**
**United States District Judge**
**November 7, 2014**

---

ECF No. 1 ¶ 24. The complaint, however, makes no further mention of those established procedures, nor does the complaint assert any facts affirmatively linking those established procedures to the denial of Mr. Morello's application for LEOSA identification.

[2] Mr. Morello's contention that the "absence of any due process mechanism" related to LEOSA permitting constitutes "inaction" implicating *Monell* liability fails because inaction gives rise to municipal liability under § 1983 only when it can be said that the government's failure to act amounted to "deliberate indifference" towards the plaintiff's constitutional rights. *See Huthnance v. District of Columbia*, 793 F. Supp. 2d 183, 197-98 (D.D.C. 2011). Notably, there is absolutely nothing alleged in the complaint suggesting that the District or any of its officials knew or should have known that the system in place was constitutionally defunct in the manner Mr. Morello now claims. *See Connick v. Thompson*, 131 S. Ct. 1350, 1360 (2011) (deliberate indifference is a "stringent standard of fault" requiring either actual or constructive notice). Finally, the Court is not persuaded by Mr. Morello's frivolous argument that a statement made by an Assistant Attorney General in an unrelated case is somehow an admission by the District of a policy and is the "moving force" behind the denial of *his* LEOSA identification. In any event, "[i]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." *See Arbitraje Casa de Cambio, S.A. de C.V. v. U.S. Postal Serv.*, 297 F. Supp. 2d 165, 170 (D.D.C. 2003).